UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| IDRIS APPLEWHITE,<br><br>                         Plaintiff,<br><br>    -against-<br><br>CITY OF NEW YORK, JAMES AIELLO, Individually, CARL SCOGMANILLO, Individually, BRANDON LEUNG, Individually, BARRY LUNA, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                         Defendants. | **AMENDED COMPLAINT**<br><br>17 CV 6870<br>(NGG) (SMG)<br><br>Jury Trial Demanded |

------------------------------------------------------------------------X

Plaintiff IDRIS APPLEWHITE, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff IDRIS APPLEWHITE is a forty-four-year-old man residing in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, JAMES AIELLO, CARL SCOGMANILLO, BRANDON LEUNG, BARRY LUNA and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. Upon information and belief, defendant SCOGMANILLO held a supervisory rank at all times alleged herein, and had supervisory authority over the other defendants.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On August 14, 2016, at approximately 4:00 a.m., plaintiff was lawfully present at Church Avenue and 39th Street, Brooklyn, New York, when he was approached by defendant NYPD officers including, but not limited to, defendant JAMES AIELLO, who was, upon information and belief, accompanied by several additional officers, including a sergeant, believed to defendant CARL SCOGMANILLO.

13. Defendant NYPD officers proceeded to unlawfully detain plaintiff, take plaintiff's bicycle without permission or authority, and thereafter issued plaintiff a baseless criminal court summons, bearing summons number 4430802071, and three baseless traffic tickets, bearing ticket numbers ABA3295972, ABA3295961, and ABA3295950.

14. As a result of the issuance to plaintiff of the criminal court summons, plaintiff was compelled to appear in Kings County Summons Court, located at 346 Broadway, New York, New York, on October 31, 2016, on which date all the false charges filed against plaintiff based on the false allegations conveyed by the defendant officers to prosecutors and Kings County Summons Court were dismissed and sealed.

15. As a result of the issuance to plaintiff of the traffic tickets, plaintiff was compelled to appear at the Department of Motor Vehicles Traffic Violations Division in Brooklyn, on September 7, 2016, on which date after hearing testimony from defendant JAMES AIELLO, all three traffic tickets were dismissed and sealed.

16. Defendant JAMES AIELLO initiated said prosecutions with malice, and otherwise caused said prosecutions to be commenced against plaintiff without probable cause.

17. Defendant JAMES AIELLO created and manufactured false evidence against plaintiff and conveyed said evidence to prosecutors, Kings County Summons Court, and to the Department of Motor Vehicles Traffic Violations Division, causing said evidence to be used against plaintiff in the aforementioned legal proceedings.

18. The named and John Doe Defendants either supervised, participated in, and/or failed to intervene in the above described acts of misconduct.

19. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.  Specifically, the City of New York has failed to train its police officers in the proper issuance of summonses.

20. The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: the proper issuance of summonses, and that NYPD officers routinely issue baseless and facially insufficient summonses to individuals in response to summons quotas, depriving said individuals of their constitutional rights.  *See e.g.*, *Stinson, et al., v. City of New York, et al.,* 10 Civ. 4228 (RWS), pending in the Southern District of New York.

21. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW

4

YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

22. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

23. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiff IDRIS APPLEWHITE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

28. As a result of the foregoing, plaintiff IDRIS APPLEWHITE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. Defendants arrested plaintiff IDRIS APPLEWHITE without probable cause, causing him to be detained against his will for an extended period of time.

31. Defendants caused plaintiff IDRIS APPLEWHITE to be falsely arrested and unlawfully detained.

32. As a result of the foregoing, plaintiff IDRIS APPLEWHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants created false evidence against plaintiff IDRIS APPLEWHITE.

35. Defendants utilized this false evidence against plaintiff IDRIS APPLEWHITE in

legal proceedings.

36. As a result of defendants' creation and use of false evidence, plaintiff IDRIS APPLEWHITE suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

37. As a result of the foregoing, plaintiff IDRIS APPLEWHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants initiated, commenced and continued malicious prosecutions against plaintiff IDRIS APPLEWHITE.

40. Defendants caused plaintiff IDRIS APPLEWHITE to be prosecuted without any probable cause until the charges were dismissed on or about September 7, 2016 and October 31, 2016.

41. As a result of the foregoing, plaintiff IDRIS APPLEWHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants had an affirmative duty to intervene on behalf of plaintiff IDRIS APPLEWHITE, whose constitutional rights were being violated in their presence by other officers.

44. The defendants failed to intervene to prevent the unlawful conduct described herein.

45. As a result of the foregoing, plaintiff IDRIS APPLEWHITE' liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

46. As a result of the foregoing, plaintiff IDRIS APPLEWHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The supervisory defendant, CARL SCOGMANILLO, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

49. As a result of the foregoing, plaintiff IDRIS APPLEWHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff IDRIS APPLEWHITE'S rights as described herein. In addition, the New York City Police Department has failed to properly train its employees with regard to the proper issuance of summonses, and defendant City was aware that NYPD officers routinely issued baseless and facially insufficient summonses to individuals in response to summons quota's, depriving said individuals of their constitutional rights. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of the

9

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff IDRIS APPLEWHITE.

54. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff IDRIS APPLEWHITE as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff IDRIS APPLEWHITE as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff IDRIS APPLEWHITE was unlawfully arrested and maliciously prosecuted.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff IDRIS APPLEWHITE' constitutional rights.

58. All of the foregoing acts by defendants deprived plaintiff IDRIS APPLEWHITE of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To be free from the failure to intervene;

    C. To receive his right to fair trial; and

    D. To be free from malicious prosecution.

59. As a result of the foregoing, plaintiff IDRIS APPLEWHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

62. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

63. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

64. Plaintiff has complied with all conditions precedent to maintaining the instant action.

65. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

11

67. The defendant officers arrested plaintiff IDRIS APPLEWHITE without probable cause.

68. Plaintiff was detained against his will for an extended period of time.

69. As a result of the aforementioned conduct, plaintiff IDRIS APPLEWHITE was unlawfully detained in violation of the laws of the State of New York.

70. As a result of the aforementioned conduct, plaintiff IDRIS APPLEWHITE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

71. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

72. As a result of the foregoing, plaintiff IDRIS APPLEWHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. As a result of the foregoing, plaintiff IDRIS APPLEWHITE was placed in apprehension of imminent harmful and offensive bodily contact.

75. As a result of defendant officers' conduct, plaintiff IDRIS APPLEWHITE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

76. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

77. As a result of the foregoing, plaintiff IDRIS APPLEWHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendant officers made offensive contact with plaintiff IDRIS APPLEWHITE without privilege or consent.

80. As a result of the defendant officers' conduct, plaintiff IDRIS APPLEWHITE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

81. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

82. As a result of the foregoing, plaintiff IDRIS APPLEWHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(<u>Malicious Prosecution under the laws of the State of New York</u>)

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Defendant officers initiated, commenced and continued malicious prosecutions against plaintiff IDRIS APPLEWHITE.

85. Defendant officers caused plaintiff IDRIS APPLEWHITE to be prosecuted without probable cause until all the charges were dismissed on or about September 7, 2016 and October 31, 2016.

86. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

87. As a result of the foregoing, plaintiff IDRIS APPLEWHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(<u>Negligent Screening, Hiring, and Retention under the laws of the State of New York</u>)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff IDRIS APPLEWHITE.

90. Defendant CITY OF NEW YORK knew, or should have known in the exercise of

reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

91. As a result of the foregoing, plaintiff IDRIS APPLEWHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff IDRIS APPLEWHITE.

94. As a result of the foregoing, plaintiff IDRIS APPLEWHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

15

**WHEREFORE**, plaintiff IDRIS APPLEWHITE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
January 11, 2019

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for Plaintiff IDRIS APPLEWHITE
>305 Broadway, Suite 600
>New York, New York 10007
>(212) 335-0132
>
>By: _s/ Brett Klein_____
>     BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

IDRIS APPLEWHITE,

                                                         Plaintiff,                17 CV 6870
                                                                                 (NGG) (SMG)

       -against-

CITY OF NEW YORK, JAMES AIELLO, Individually, CARL SCOGMANILLO, Individually, BRANDON LEUNG, Individually, BARRY LUNA and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                            Defendants.

---------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132