UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IDRIS APPLEWHITE,

                Plaintiff,

-against-

CITY OF NEW YORK, JAMES AIELLO, CARL SCOGMANILLO, BRANDON LEUNG, BARRY LUNA, and JOHN and JANE DOE 1 through 10,

                Defendants.

**MEMORANDUM & ORDER**

**17-CV-6870 (NGG) (SMG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Idris Applewhite brings this civil rights action against Defendants City of New York (the "City") and New York City Police Department ("NYPD") Officers James Aiello, Carl Scogmanillo, Brandon Leung, and Barry Luna (collectively, the "Defendants"). (See Compl. (Dkt. 1); Am. Compl. (Dkt. 24).) Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1988 and analogous state law claims. Currently pending before the court is Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (See Defs. Mot. for J. on Pleadings ("Mot.") (Dkt. 38).) For the reasons explained below, Defendants' motion is GRANTED.

I.    BACKGROUND

    A.   Facts

The court accepts Plaintiff's well-pleaded allegations as true for purposes of Defendants' motion for judgment on the pleadings. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123,

1

126 (2d Cir. 2001).[1] Given the complaint's relative paucity of factual allegations, the below statement of facts also includes—for context only—information derived from documents attached to Defendants' motion, primarily Plaintiff's testimony from his 50-H hearing.[2]

On August 14, 2016, at approximately 4:00 AM, NYPD officers, including Aiello and Scogmanillo, approached Plaintiff at the intersection of Church Avenue and 39th Street in Brooklyn, New York. (Am. Compl. ¶ 12.) Defendants assert that Plaintiff was sitting on his electric bicycle on a sidewalk and playing music from a speaker mounted to his bicycle when they approached him. (Defs. Mem. in Supp. of Mot. for J. on Pleadings ("Mem.") (Dkt 40) at 11.) Defendants asked Plaintiff to turn off the music and walked away when Plaintiff complied. (Nov. 15, 2017 50-h Test. of Idris Applewhite ("Applewhite 50-h") (Dkt 39-5) at 13:5-17:14.) Then, however, Plaintiff turned the music back on and Defendants approached the Plaintiff again and instructed him to dismount his bicycle and give the bicycle to Defendants or otherwise be subject to arrest. (*Id.* at 19:16-21:23.) Defendants then confiscated Plaintiff's bicycle and issued Plaintiff four summonses (Am. Compl. ¶ 13): one criminal court summons for unreasonable noise, and three traffic court summonses for having an unregistered moped, having an uninsured moped, and being an unlicensed operator. (*See* Summonses (Dkt. 39-2).) Defendants did not place Plaintiff in handcuffs or take him to the precinct. (*See* Applewhite 50-h 21:24-22:5.)

On September 7, 2016, Plaintiff appeared in traffic court at the Department of Motor Vehicles Traffic Violations Division in

---

[1] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

[2] New York General Municipal Law § 50-h provides municipalities the right to seek testimony from a person who has filed a Notice of Claim against the municipality. *See* N.Y. Gen. Mun. Law § 50-h(1).

Brooklyn, New York. All traffic court summonses filed against Plaintiff were dismissed and sealed. (Am. Compl. ¶ 15.) On October 31, 2016, Plaintiff appeared in criminal court at Kings County Summons Court in Brooklyn, New York. All criminal court summonses filed against Plaintiff were dismissed and sealed. (*Id.* ¶ 14.)

### B. Procedural History

Plaintiff filed his original complaint on November 22, 2017 (Compl.), which he amended on January 11, 2019 (Am. Compl.). The City and Aiello answered Plaintiff's amended complaint on January 29, 2019 (City & Aiello's Answer (Dkt. 26)), and Scogmanillo, Leung, and Luna answered on April 15, 2019 (Scogmanillo, Leung, & Luna's Answer (Dkt. 35)). Defendants filed their fully briefed motion to dismiss Plaintiff's claims pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on September 19, 2019. (*See* Mot.; Mem.; Pl. Mem. in Opp. (Dkt. 41); Reply (Dkt. 42).)

## II. LEGAL STANDARD

When adjudicating Rule 12(c) motions for judgment on the pleadings, the court applies the same standard of review as Rule 12(b)(6) motions to dismiss. *Ezra v. Weitz & Luxenberg, P.C.*, 794 F. App'x 27, 28 (2d Cir. 2019) (summary order). A complaint will therefore survive a 12(c) motion if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In evaluating a motion to dismiss, a court may consider documents central to a plaintiff's claim, documents sufficiently deemed "integral" to the complaint, and documents over which a court may take judicial notice. *See King v. City of New York*, No. 12-CV-2344 (NGG), 2014 WL 4954621, at *7-8 (E.D.N.Y. Sept. 30, 2014) (citing *Global Network Comms., Inc. v. City of New York*,

3

458 F.3d 150, 156 (2d Cir. 2006)); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (holding that courts may consider an extrinsic document when the complaint "relies heavily upon its terms and effect").

## III. DISCUSSION

### A. False Arrest and Unlawful Imprisonment Claims

A claim for false arrest or unlawful imprisonment "brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, [is] substantially the same as [a] clai[m] for false arrest . . . under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003); *see also Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003) ("The elements of false arrest . . . under § 1983 are 'substantially the same' as the elements under New York law. Therefore, the analysis of the state and the federal claims is identical."). To state a false arrest claim under New York law, the plaintiff must allege that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003).

Here, the amended complaint does not allege when, where, the manner in which, or for how long Plaintiff was confined. (*See generally* Am. Compl.) The amended complaint makes only the following allegations regarding the false arrest claim: (1) "Defendant NYPD Officers proceeded to unlawfully detain plaintiff, take plaintiff's bicycle without permission or authority and thereafter issued plaintiff" four summonses (Am. Compl. ¶ 13); (2) "Defendants arrested plaintiff . . . without probable cause, causing him to be detained against his will for an extended period of time" (*id.* ¶ 30); and (3) "Defendants caused plaintiff . . . to be falsely arrested and unlawfully detained." (*Id.* ¶ 31.) The

amended complaint alleges that "the aforementioned acts deprived plaintiff . . . of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments. . . and in violation of 42 U.S.C. § 1983." (*Id.* ¶ 24.) These allegations, without any other supporting facts, amount to "a formulaic recitation of the elements of" false arrest, and are therefore insufficient to state a claim for which relief may be granted. *Iqbal,* 556 U.S. at 678.

Moreover, it is unclear whether Plaintiff is alleging that confinement occurred when he was required to remain in the presence of Defendants until the summonses were written or when he was required to appear in court. However, courts have repeatedly held that neither the issuance of summonses nor the summonses themselves constitute "confinement" for purposes of false arrest and false imprisonment claims. *See Adrian v. Town of Yorktown*, No. 03-CV-6604 (MDF), 2006 WL 8446505, at *15 (S.D.N.Y. Apr. 26, 2006) ("Courts have held, however, that the issuance of such a summons does not constitute the type of intentional confinement that is necessary to sustain a claim for false arrest."); *Griffin-Nolan v. Providence Wash. Ins. Co.*, No. 504-CV-1453 (FJS), 2005 WL 1460424, at *4 (N.D.N.Y. June 20, 2015) ("Every New York case. . . that has considered whether the issuance of an appearance ticket constitutes confinement has held that the issuance of an appearance ticket, in and of itself, does not constitute confinement for purposes of a common law false arrest or false imprisonment claim."); *see also Beck v. City of New York*, 2014 WL 80544 at *2 (S.D.N.Y. Jan. 3, 2014) (the requirement that defendant appear for a later court hearing "cannot form the basis for a false arrest claim . . . [because] 'a pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure'" (quoting *Burg v. Gosselin*, 591 F.3d 95, 101 (2d Cir. 2010)).

Accepting Plaintiff's allegations as true and drawing every reasonable inference in his favor, the court finds that Plaintiff has failed to allege confinement. Defendants are therefore entitled to judgment as a matter of law on Plaintiff's false arrest and unlawful imprisonment claims.

### B. Fair Trial Claim Based on Fabrication of Evidence

To state a fair trial claim based on the fabrication of evidence, plaintiff must allege that an "(1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty and property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016).

Here, Plaintiff asserts that Aiello manufactured false evidence against Plaintiff and conveyed such evidence to prosecutors, Kings County Summons Court, and to the Department of Motor Vehicles Traffic Violations Division. (*See* Am. Compl. ¶ 17 ("Defendant JAMES AIELLO created and manufactured evidence. . . causing said evidence to be used against plaintiff in the aforementioned legal proceedings.").) However, Plaintiff does not allege additional facts to support these conclusory allegations. Additionally, Plaintiff does not claim to have suffered a deprivation of life, liberty and property as a result of the Defendants' alleged behavior. Therefore, Plaintiff fails to plausibly allege facts that give rise to a fair trial claim. *See Iqbal*, 556 U.S. at 678.

### C. Malicious Prosecution

A claim for malicious prosecution brought under § 1983 must "establish the elements of a malicious prosecution claim under state law." *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018). "In New York, the elements of a malicious prosecution claim are "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2)

6

the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *Simon v. City of New York*, No. 16-CV-1017 (NGG), 2020 WL 1323114, at *3 (E.D.N.Y. Mar. 19, 2020); *see also Smith-Hunter v. Harvey*, 734 N.E.2d 750, 752-53 (N.Y. 2000). As explained by *Lanning*, a plaintiff alleging malicious prosecution under § 1983 can only satisfy the favorable termination element by showing that "the prosecution terminated in some manner indicating that the person was not guilty of the offense charged." 908 F.3d at 26. Applying this rule, the panel found that "vague allegation[s]" of dismissal "without specifying how or on what grounds" failed to affirmatively indicate innocence because they were "consistent with dismissal on any number of procedural or jurisdictional grounds." *Id.* at 28.

Plaintiff's amended complaint suffers from a similar defect; it only alleges that the charges against him "were dismissed and sealed." (Am. Compl. ¶¶ 14-15.) This is not enough. Because Plaintiff failed to "plausibly allege" that the "proceedings against him were terminated in a manner indicating his innocence," *Lanning*, 908 F.3d at 29, he fails to state a claim for malicious prosecution.

    D.   Plaintiff's Remaining § 1983 Claims

Plaintiff's failure to intervene, supervisory liability, and municipal liability claims all depend on the existence of a constitutional violation. First, a failure to intervene claim necessarily fails in the absence of a constitutional violation "on the part of any of the officers." *Simcoe v. Gray*, 670 F. App'x 725, 727 (2d Cir. 2016) (summary order). Second, a supervisory liability claim cannot survive in the absence of an underlying constitutional violation. *See Raspardo v. Carlone*, 770 F.3d 97, 129 (2d Cir. 2014). Third, in order to bring a municipal liability claim, (1) Plaintiff's harm must be caused by a constitutional violation and (2) the city must be responsible for that constitutional violation. *Collins v. City of*

7

*Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). As such, there can be no municipal liability claim without an underlying constitutional violation. *See Burgess v. DeJoseph*, 725 F. App'x 36, 40 (2d Cir. 2018) (summary order).

Because Plaintiff has failed to allege a constitutional violation, he also fails to state a claim for failure to intervene, supervisory liability, and municipal liability.

    E.    Supplemental State Claims

Having determined that Plaintiff's federal claims should be dismissed, the court sees no reason to retain jurisdiction over Plaintiff's remaining state law claims. The court therefore declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. *See* 28 U.S.C. § 1267(c)(3); *see also In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (per curiam) ("[W]hen the federal claims are dismissed the state claims should be dismissed as well.").

IV.  CONCLUSION

For the reasons explained above, Defendants' (Dkt. 38) motion for judgment on the pleadings is GRANTED. The Clerk of Court is respectfully DIRECTED to enter judgment and close the case.

SO ORDERED.

Dated:    Brooklyn, New York
           July 16, 2020

                                    /s/ Nicholas G. Garaufis
                                  NICHOLAS G. GARAUFIS
                                  United States District Judge